IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR235** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **MARTIN LANDA-ALVA,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 18).  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant objects to the imposition of 2 criminal history points for each offense described in ¶¶ 29 and 30.  The Defendant does not dispute that these are not "related" offenses.  Briefly, the concurrent sentences imposed for these prior offenses is 2 years suspended, with credit for 125 days served.  The PSR assesses 2 points for each offense pursuant to U.S.S.G. § 4A1.1(b),[1] reasoning that because credit for 125 days was given. (PSR, Addendum.)  However, the Defendant relies on application note 2 to U.S.S.G. 4A1.2, which provides that criminal history points are assessed based on the sentence pronounced rather than the length of time actually served.  In other words, the Defendant argues that the 125 days was merely time served pending disposition of the cases, and the

---

[1] U.S.S.G. § 4A1.1(b) requires 2 points for each "prior sentence of imprisonment" of at least 60 days.

sentence pronounced was 2 years, suspended. Therefore, the defense argues that only 1 point per offense should be assessed.

This objection will be heard at sentencing. The Defendant bears the burden by a preponderance of the evidence. Should either party have any case law specifically relevant to the issue, the Court would appreciate receiving such citations before the sentencing hearing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 18) will be heard at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 4th day of November, 2005.

BY THE COURT:

s/ Laurie Smith Camp
United States District Judge